**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 29, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

INGRID YAMILETH PAZ-ZALDIVAR;
JOHN DOE, a minor,

    Petitioners,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 21-9571
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Ingrid Yamileth Paz-Zaldivar and her minor son are natives and citizens of

Honduras who entered the United States without permission. An immigration judge

(IJ) found them removable and ineligible for asylum, withholding of removal, or

protection under the Convention Against Torture (CAT), and ordered that they be

returned to their home country. The Board of Immigration Appeals (BIA) dismissed

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

their appeal in a brief, single-member order.  Paz-Zaldivar and her son now petition for review of the BIA's decision.  We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

## I.     STANDARD OF REVIEW

We review the BIA's decision, but we may consult the IJ's more-complete discussion of the same grounds relied upon by the BIA.  *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).  "[W]e will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance."  *Id.* "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

## II.     BACKGROUND & PROCEDURAL HISTORY

Paz-Zaldivar and her son entered the United States in October 2016. Immigration authorities soon served each of them with a notice to appear (NTA), charging them with removability because they entered the country without being admitted or paroled.  Paz-Zaldivar and her son conceded removability and Paz-Zaldivar then filed an application for asylum, withholding of removal, and CAT protection, with her son as a derivative beneficiary on the asylum claim.

Persons claiming asylum must establish that they are unable or unwilling to return to their country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  For the persecution to be on account of a protected ground, the alien must show the protected ground "was or will be at

least one central reason" for the persecution.  8 U.S.C. § 1158(b)(1)(B)(i).  "The reason cannot be incidental, tangential, superficial, or subordinate to another reason for harm."  *Aguilar v. Garland*, 29 F.4th 1208, 1211–12 (10th Cir. 2022) (internal quotation marks omitted).

Paz-Zaldivar claimed persecution on account of membership in a particular social group.  She proposed multiple different social groups to the IJ, but she has since abandoned all of them but one, which she defines as Hondurans who have been targeted by the Mara 18 gang due to their female gender and single-mother status.

After a hearing, the IJ rejected Paz-Zaldivar's reliance on this proposed social group.  The IJ reasoned that single-mother status was not immutable, as shown by the fact that Paz-Zaldivar has married since arriving in the United States.  *Cf. Matter of Acosta*, 19 I. & N. Dec. 211, 233 (B.I.A. 1985) (interpreting "particular social group" to require an "immutable characteristic," meaning "one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences"), *overruled on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).  As for female gender, the IJ recognized that characteristic as immutable but concluded that there was no evidence the gangs targeted her on account of her gender.  The IJ reached the same conclusion as to Paz-Zaldivar's previous single-mother status.  In the IJ's view, her evidence of gang violence showed that gangs mostly targeted the male members of her family, and, in any event, their criminal behavior appeared motivated by greed, not gender or parenting status.

3

For these reasons, the IJ denied Paz-Zaldivar's asylum application. The IJ also denied Paz-Zaldivar's applications for withholding of removal and CAT relief. Paz-Zaldivar then appealed to the BIA, but only on the asylum issue. The BIA adopted the IJ's findings, however, including that Paz-Zaldivar's evidence did not show she had been targeted by gang members on account of her gender or single-mother status. The BIA therefore dismissed the appeal.

## III.   ANALYSIS

### A.     Effect of Defective NTAs

Paz-Zaldivar first argues that her NTA (and her son's) did not state the time and place of their removal hearing, contrary to Congressional command, *see* 8 U.S.C. § 1229(a)(1)(G)(i), so the agency never obtained jurisdiction. She relies on *Pereira v. Sessions*, 138 S. Ct. 2105, 2109–10 (2018), holding that an NTA without time or place information fails to trigger the "stop-time rule," meaning the noncitizen continues to accrue continuous physical presence for purposes of cancellation of removal; and *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479, 1486 (2021), holding that a later document which fills in time and place information likewise does not trigger the stop-time rule. According to Paz-Zaldivar, these two decisions show that the NTA requirements are jurisdictional (although the Supreme Court never said as much).

Paz-Zaldivar did not present this argument to the agency, so we would normally refuse to consider it. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010). Even if some exception could apply, this court held after *Pereira*

4

"that the requirements relating to notices to appear are non-jurisdictional, claim-processing rules." *Martinez-Perez v. Barr*, 947 F.3d 1273, 1278 (10th Cir. 2020). "We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). Paz-Zaldivar does not argue that *Niz-Chavez*, decided a year after *Martinez-Perez*, is a superseding contrary decision. Thus, we remain bound by our panel decision in *Martinez-Perez* that the NTA requirements are claim-processing rules, not jurisdictional elements.

Paz-Zaldivar argues, however, that even if the NTA requirements are claim-processing rules, the agency should have dismissed her immigration proceedings for failure to follow those rules. But a claim-processing rule is not self-enforcing: "a court must enforce the rule *if* a party properly raises it." *Martinez-Perez*, 947 F.3d at 1279 (emphasis added). Again, Paz-Zaldivar never raised the issue before the agency.

Understanding as much, Paz-Zaldivar points to *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019). There, an immigration court ordered the petitioner removed, and the petitioner appealed to the BIA. While that appeal was pending, the Supreme Court decided *Pereira*, prompting the petitioner to file a motion to remand. *Id.* at 959. He argued that, under *Pereira*, a defect in the NTA equals a defect in jurisdiction. *Id.* The BIA denied the motion and upheld the immigration court's removal order.

5

On a petition for review from that decision, the Seventh Circuit concluded that, after *Pereira*, an NTA lacking time and place information is indeed defective, and it rejected the idea that a later document could cure the defect by supplying the missing information. *Id.* at 961–62. Thus, the agency had proceeded against the petitioner on a genuinely defective NTA. But the Seventh Circuit also rejected the notion that a defective NTA equals a defect in jurisdiction. *Id.* at 963. The court held (as we later did in *Martinez-Perez*) that the statutory NTA requirements are claim-processing rules, so a party must timely object or forfeit the objection. *Id.* at 963–64. In the Seventh Circuit's view, that forfeiture occurred when the petitioner failed to raise his objection before the immigration court. *See id.* at 964.

The Seventh Circuit nonetheless entertained the possibility that the BIA should have excused the forfeiture because the Supreme Court decided *Pereira* while the matter had been on appeal, and "[c]ourts are normally obliged to apply changes in the law that occur while they continue to have power to adjudicate the case before them." *Id.* This was a matter of determining whether the petitioner suffered "discernible prejudice" from the defective NTA, and "considering the equities." *Id.* at 965. On the record before it, the Seventh Circuit decided that the petitioner suffered no prejudice and the equities counseled against excusing the forfeiture. *Id.* at 964–65.

Paz-Zaldivar urges us to follow the approach set forth in *Ortiz-Santiago*, but we need not decide whether we agree with that approach. Before the BIA decided his appeal, the petitioner in *Ortiz-Santiago* moved to remand based on *Pereira*, so he preserved the question whether the BIA should have granted that motion. Paz-

6

Zaldivar, by contrast, never raised a jurisdictional or claim-processing objection before the agency. She therefore failed to exhaust the issue and we may not address it. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . .").

## B.     Remaining Arguments

Paz-Zaldivar further argues that:

- the IJ abused his discretion when he found that Paz-Zaldivar's testimony about one instance of alleged persecution (a home break-in) was incredible;

- the IJ violated Paz-Zaldivar's due process rights when he refused to allow her to call a witness who could corroborate the home break-in; and

- the agency erred when it concluded that Paz-Zaldivar's marriage took her outside of any proposed social group based on single motherhood.

Notably, however, Paz-Zaldivar does *not* challenge the agency's finding that she failed to prove she was targeted because of her gender or single-mother status.[1]

_____

[1] The introductory section of her brief suggests she may have intended to make such a challenge. *See* Pet'r Opening Br. at 10 ("[Paz-Zaldivar] established through direct and circumstantial evidence, provided in documents and by her testimony, that the 'one central reason' for the violence to which she was exposed was this belief that she is subservient to men . . . ."); *id.* ("The Immigration Judge and the Board erred in determining that the Appellant did not establish a nexus between the harm that she suffered and her proposed social groups."). But she never develops these arguments, so they are waived. *See Eizember v. Trammell*, 803 F.3d 1129, 1141

Absent such a challenge, we have no reason to reach any of her remaining arguments. *See Zzyym v. Pompeo*, 958 F.3d 1014, 1033–34 (10th Cir. 2020) ("[W]e can uphold administrative action when an agency gives two independent reasons and only one of them is valid.").

## IV.   CONCLUSION

We deny the petition for review.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

(10th Cir. 2015) ("[S]tray sentences like these are insufficient to present an argument . . . .").